IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ISAI CLEMENTS and <br> JUDITH CLEMENTS, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) <br> ) | Case No.  CIV-14-17-L <br> (Oklahoma County Case <br>   No. CJ-2013-5450) |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY and MONTE UBEDA, | ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

## **O R D E R**

This matter is before the court on the Motion to Remand filed by plaintiffs Isai Clements and Judith Clements [Doc. No. 13] and the related Motion to Dismiss for Fraudulent Joinder and Failure to State a Claim filed by defendant Monte Ubeda [Doc. No. 12].  The procedural history of this case reveals that plaintiffs filed this action on October 2, 2013 in the District Court of Oklahoma County, State of Oklahoma, against defendants Allstate Vehicle and Property Insurance Company and Monte Ubeda, plaintiff's insurance agent.  The Petition alleges that plaintiffs entered into a contract of insurance with defendant Allstate to provide coverage for their residence, household contents, and vehicles.  Plaintiffs allege they purchased their homeowner's replacement cost policy of insurance through an Allstate agent, defendant Ubeda.  Homeowners policy No. 985 432 394 was subsequently issued by Allstate to the plaintiffs and was in

effect when plaintiffs' property was alleged to have been heavily damaged as a result of a tornado which struck Moore, Oklahoma on May 20, 2013.  Plaintiffs allege they made a claim under the homeowners policy, but that defendant Allstate has failed to pay the full benefits to which they are entitled.  The Petition alleges six claims in total, including claims for (1) breach of contract and (2) bad faith against defendant Allstate, and claims for (3) negligence in the procurement of insurance, (4) constructive fraud and negligent misrepresentation, (5) negligence, and (6) breach of fiduciary duty against both defendants Allstate and Ubeda.

     Defendants filed their Notice of Removal on January 7, 2014, asserting federal court jurisdiction based on diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332.  Following removal, plaintiffs filed a motion to remand and defendant Ubeda filed his motion for dismissal.  The defendants' two-part position, as expressed in both defendant Ubeda's Motion to Dismiss and defendant Allstate's and Ubeda's Amended Response to Plaintiff's Motion to Remand, is essentially that (1) plaintiffs fraudulently joined a local non-diverse insurance agent, defendant Ubeda, in an attempt to defeat removal/diversity jurisdiction in federal court, and that (2) plaintiffs' attempted joinder of defendant Ubeda in this action is fraudulent in that the Petition fails to state any viable claims against him under Oklahoma law.

     A defendant asserting fraudulent joinder faces a heavy burden.

> To prove their allegation of fraudulent joinder [the removing party] must demonstrate that there is no possibility that [plaintiffs] would be able to establish a cause of action against [the joined party] in state court. In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party. We are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned.

Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000) (quotation omitted) (*as quoted in* Montano v. Allstate Indemnity, No. 99-2225, 2000 WL 525592 at *1-2 (10th Cir. Apr. 14, 2000) (unpublished)).[1]  Remand is required if any one of the claims against the non-diverse defendant is possibly viable.  Montano, 2000 WL 525592 at *2 (citation omitted).  The fraudulent joinder analysis is not coextensive with that for failure to state a claim, rather, the burden to establish fraudulent joinder is "more exacting."  Id.  Indeed, the Court of Appeals for the Tenth Circuit has cautioned that resolution of a motion to dismiss for failure to state a claim "entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced."  Id.  "This does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary

---

[1]  Montano is an unpublished opinion that is cited for its persuasive authority pursuant to Tenth Circuit Rule 32.1.

determination and be proven with complete certainty." Smoot v. Chicago, Rock Island and Pacific Railroad Company, 378 F.2d 879, 882 (10th Cir. 1967).

Oklahoma law provides that "an insurance agent may be liable under either contract or tort theories for failure to obtain insurance." Swickey v. Silvey Cos., 1999 OK CIV APP 48, ¶ 8; 979 P.2d 266, 268. An insurance agent has a duty "to exercise reasonable care and skill in performing its tasks, *i.e.*, procuring insurance," and may be "liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." Id., ¶ 13, 979 P.2d at 269.

The court finds that defendants have not met their heavy burden of showing that defendant Ubeda was fraudulently joined to defeat diversity jurisdiction. Defendants have failed to establish that there is no possibility that plaintiffs would be able to establish at the least one of their claims against defendant Ubeda in state court. Mindful that the court is to resolve all disputed issues of fact and ambiguities in controlling law in favor of the plaintiffs in evaluating the claim of fraudulent joinder, the court cannot conclude – with complete certainty – that defendant Ubeda's inclusion in this lawsuit constitutes fraudulent joinder.[2] "A claim which can be dismissed only after an intricate

---

[2] In Cox v. Allstate Insurance Company, No. 06-722-L (W.D. Okla. Sept. 11, 2006) [Doc. 13-5], this court evaluated a claim of fraudulent joinder under a "clear and convincing evidence" standard. Whether the court uses this standard or the similar "complete certainty" language in Smoot, the result would be the same in this case – remand.

analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction." Montano, 2000 WL 525592 at * 2 (*quoting* Batoff v. State Farm Ins. Co., 977 F.2d 848, 853 (3d Cir. 1992)). The court finds that defendant Ubeda's non-diverse citizenship cannot, therefore, be disregarded. As complete diversity does not exist, this court does not have jurisdiction and this matter must be remanded.

Plaintiffs' Motion to Remand **[Doc. No. 13]** is therefore **GRANTED.** In light of this ruling, the court expresses no opinion on Defendant Monte Ubeda's Motion to Dismiss [Doc. No. 12]. This matter is **REMANDED** to the District Court of Oklahoma County, Oklahoma.

It is so ordered this 22nd day of April, 2014.

*Tim Leonard*
TIM LEONARD
United States District Judge